**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIE R. HAMILTON,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0754-15-0375-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: May 13, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

M. Jermaine Watson, Fort Worth, Texas, for the appellant.

Yvette K. Bradley, Esquire, Dallas, Texas, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which reversed the agency's suspension action and found that he was not entitled to back pay for the period of the suspension. For the reasons set forth below, we GRANT the petition for review and VACATE the initial decision with respect to the administrative judge's finding that the appellant was not entitled to back pay.

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2	The appellant is a preference-eligible veteran who serves as a Custodian at the agency's Dallas Processing and Distribution Center. Initial Appeal File (IAF), Tab 4 at 29, 34, Tab 7 at 13. The agency has employed the appellant since 2005. IAF, Tab 4 at 34.

¶3	On March 20, 2015, the appellant was assigned to scan mail, a duty outside of his custodial duties, due to operational needs. IAF, Tab 11 at 55, 89. The appellant refused, stating that his back hurt and he could only perform custodial duties. *Id.* at 55. He was placed in a nonduty, nonpay status for the rest of the evening and the following evening for failure to follow instructions. *Id.* at 89. The appellant was off from work for one or two additional nights and returned to duty on March 23 or March 24, 2015.[2] *Id.*; Hearing Compact Disc (HCD) (testimony of the appellant). On March 25, 2015, the appellant submitted a light-duty request and medical documentation outlining restrictions on his ability to work; the agency denied his light-duty request on the basis that his limitations were too restrictive and sent him home. IAF, Tab 4 at 22-23, Tab 11 at 61, 80‑81. On March 28, 2015, the appellant wrote to the agency and stated that he could perform his custodial duties but was unable to perform the duties of a clerk or mail handler. IAF, Tab 4 at 33. On April 16, 2015, the agency held a light-duty committee meeting with the appellant and informed him that he could return to work if he submitted documentation stating he could perform his custodial duties within his medical restrictions. *Id.* at 25, 31. On April 22, 2015, the appellant submitted additional documentation, and the agency returned him to duty. *Id.* at 26; HCD (testimony of the appellant). The following day, however, the agency determined that the most recent documentation did not alter the prior restrictions and the appellant could not perform his custodial tasks; the agency

---

[2] The record is not clear as to whether the appellant returned to work on Monday, March 23, 2015, or Tuesday, March 24, 2015.

sent him home once more. IAF, Tab 11 at 17, 32; HCD (testimony of the appellant's supervisor). On June 24, 2015, the appellant provided medical documentation clearing him to return to full duty on June 25, 2015, and the agency returned him to work on June 25, 2015. IAF, Tab 11 at 15; HCD (testimony of the appellant's supervisor).

¶4 On May 13, 2015, the appellant filed a Board appeal alleging that the agency placed him on enforced leave for more than 14 days when he refused to perform duties outside of his craft and provided evidence to support his light-duty request but was not returned to work, which constituted an appealable suspension. IAF, Tab 1 at 11. The administrative judge issued an order directing the appellant to file evidence and/or argument showing a nonfrivolous allegation that his claim was within the Board's jurisdiction. IAF, Tab 6 at 4.

¶5 Following receipt of submissions regarding jurisdiction from each party, the administrative judge ruled that the appellant had made a nonfrivolous allegation of jurisdiction and scheduled a hearing. IAF, Tab 9 at 1-2. In her summary of the prehearing conference, the administrative judge set forth the following issues in dispute: (1) whether the appellant's absence from work was involuntary, and (2) whether there was available work within his restrictions, and if so, whether the agency offered him work and he refused it. IAF, Tab 12 at 1. Following the hearing, the administrative judge found that, beginning on March 25, 2015, the agency initiated the appellant's absence from the workplace based on his medical restrictions and denied his requests to return to work with the exception of allowing him to return to duty on April 22, 2015. IAF, Tab 14, Initial Decision (ID) at 4. The administrative judge held that the appellant's absence from March 25 through April 21, 2015, and from April 23 through June 24, 2015, was not voluntary and constituted an appealable suspension, and the agency failed to provide him with due process prior to the suspension; accordingly, she reversed the agency's action. ID at 4, 6. The administrative judge also found that the

appellant was not able or available to perform his duties during the suspension period and thus was not entitled to back pay. ID at 5-6.

¶6     The appellant timely filed a petition for review in which he argued that the administrative judge erred in finding that he was not ready, willing, and able to work and thus was not entitled to back pay for the suspension period. Petition for Review (PFR) File, Tab 1 at 7-8. He also argued that the administrative judge erred by not awarding him sick or annual leave. *Id.* at 9-10. The agency has opposed the petition for review, arguing that the administrative judge properly found the appellant was not ready, willing, and able to work and is not entitled to restoration of sick and annual leave. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly reversed the agency's suspension action.

¶7     On review, neither party challenges the administrative judge's reversal of the agency's action.[3] The administrative judge properly analyzed the appellant's absence from March 25 through April 21, 2015, and from April 23 through June 24, 2015, as an appealable suspension.[4] ID at 4; *see Abbott v. U.S. Postal*

---

[3] The administrative judge characterized the agency's suspension actions from March 25 through April 21, 2015, and from April 23 through June 24, 2015, as one action and did not address whether the actions could be considered two separate suspension periods. ID at 4. However, because both periods exceeded 14-days and the agency initiated the appellant's absence during both periods, both periods constitute an appealable suspension, and we do not disturb the administrative judge's findings on this issue. *See Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (clarifying that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension).

[4] The administrative judge initially characterized the appellant's absence as a constructive suspension. IAF, Tab 6 at 5, Tab 9 at 1, Tab 12 at 1 (setting forth the jurisdictional standard for a constructive suspension that an appellant must prove that he lacked a meaningful choice in the matter, and it was the agency's wrongful actions that deprived him of that choice); *Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶ 8 (2014). As discussed below, the agency's action was correctly characterized as the placement of the appellant on enforced leave because he never voluntarily absented himself from duty and his appeal did not concern a claim that leave that appeared to be voluntary actually was not. *See Romero*, 121 M.S.P.R. 606, ¶ 7 (distinguishing a

*Service*, [121 M.S.P.R. 294](#), ¶ 10 (2014) (finding that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction); *see also Bean v. U.S. Postal Service*, [120 M.S.P.R. 397](#), ¶ 8 n.5 (2013) (noting the dispositive issue in an enforced leave appeal is whether the agency or the employee initiated the absence). The administrative judge also correctly found that the agency failed to provide the appellant with due process prior to imposing the suspension, warranting reversal. ID at 4; *see Martin v. U.S. Postal Service*, [123 M.S.P.R. 189](#), ¶ 11 (2016) (holding that an agency is prohibited from placing an appellant on enforced leave for more than 14 days without providing the due process required under the Fifth Amendment); *see also Cleveland Board of Education v. Loudermill*, [470 U.S. 532](#), 546-48 (1985) (holding that a tenured public employee is entitled to "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" prior to the deprivation of his property right to continued employment). Accordingly, we discern no reason to disturb the administrative judge's decision to reverse the agency's action. *See Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](#), 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same).

---

constructive suspension from an appealable suspension). However, the administrative judge's characterization did not prejudice the appellant because she applied the jurisdictional standard applicable to enforced leave actions in her initial decision and put the appellant on notice in her order on jurisdiction and summary of the prehearing conference that the voluntariness of his absence was at issue. *Scott v. Department of Justice*, [105 M.S.P.R. 482](#), ¶¶ 5-6 (2007).

<u>The administrative judge prematurely found that the appellant was not entitled to back pay.</u>

¶8        In reversing the agency's suspension action and finding that the appellant was not ready, willing, and able to work and thus not entitled to back pay, the administrative judge prematurely addressed a compliance issue in her initial decision. When the Board directs an agency to correct an unwarranted personnel action that resulted in the denial of pay otherwise due the appellant, the agency determines the amount of back pay he would have received had the action had not occurred, and the appellant may petition the Board for enforcement of the final decision if he believes that the agency is not in compliance with the decision. 5 C.F.R. §§ 550.805(a); 1201.182(a). Given the administrative judge's reversal of the agency's suspension action, her findings regarding the appellant's entitlement to back pay were premature prior to the appellant's initiation of a compliance action.[5] *Cf. Jackson v. U.S. Postal Service*, 73 M.S.P.R. 512, 517 n.6 (1997) (noting that proving an entitlement to back pay occurs at the compliance stage), *rev'd in part on reopening*, 79 M.S.P.R. 46 (1998). Accordingly, we vacate the administrative judge's finding that the appellant was not ready, willing, and able to work and thus was not entitled to back pay, and we order the agency to determine the amount of back pay due the appellant and notify him when compliance is complete. 5 C.F.R. §§ 550.805(a)(2); 1201.181(b). If the appellant believes that the agency has not fully complied with this Final Order, he may petition the Board for enforcement in accordance with 5 C.F.R. § 1201.182.

---

[5] The administrative judge also did not provide the parties with notice that the issue of entitlement to back pay would be adjudicated; thus, the parties were denied an opportunity to present evidence and argument regarding such an entitlement. *See, e.g.*, *Burford v. U.S. Postal Service*, 56 M.S.P.R. 460, 464 (1993) (finding the administrative judge did not advise the appellant of his burden of proof and did not afford the parties an opportunity to fully develop the record regarding compliance).

The appellant has not shown that he made a request for leave in connection with his appeal.

¶9    Finally, as to the appellant's argument that the administrative judge erred by not awarding him sick or annual leave, the record does not show, and the appellant has not alleged, that he made a request for sick or annual leave to the administrative judge or the agency.[6]  PFR File, Tab 1.  Such a request is typically made to the agency.  *See* 5 C.F.R. § 550.805(d); *Swafford v. Tennessee Valley Authority*, 30 M.S.P.R. 130, 134 n.4 (1986) (analyzing a similar provision to 5 C.F.R. § 550.805(d) that permits an agency to, upon the appellant's request, provide a retroactive grant of sick leave).  Accordingly, the appellant may make such a request of the agency in accordance with agency leave-requesting procedures.

## ORDER

¶10    We ORDER the agency to cancel the suspension action and retroactively place the appellant in pay status for the period from March 25 to April 21, 2015, and from April 23 to June 24, 2015.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶11    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out

---

[6] On review, the appellant did not articulate whether his request for leave was a request for the agency to credit him with the leave he would have accrued but for the unwarranted personnel action or to grant him available sick or annual leave for a period of incapacitation, both of which are contemplated under 5 C.F.R. § 550.805. 5 C.F.R. § 550.805(a), (d).  Because the appellant cites 5 C.F.R. § 550.805(d) in support of his argument, we addressed his argument concerning this subsection.  PFR File, Tab 1 at 9.

the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶12 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60‑day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

   If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

   Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                            /s/ for
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1‑7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.